GARY WILLIAM SAMPSON and DEBRA LYNN SAMPSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sampson v. Commissioner
Docket No. 6068-88
United States Tax Court
T.C. Memo 1990-485; 1990 Tax Ct. Memo LEXIS 540; 60 T.C.M. (CCH) 715; T.C.M. (RIA) 90485; September 10, 1990, Filed *540 Decision will be entered for the respondent with respect to the deficiency and for the petitioners with respect to the additions to tax. Gary William Sampson and Debra Lynn Sampson, pro se. John F. Driscoll, for the respondent. TANNENWALD, Judge. TANNENWALD
MEMORANDUM OPINION For petitioners' 1984 taxable year, respondent determined a deficiency of $ 9,662.25, an addition to tax under section 6653(a)(1) [1] in the amount of $ 483.11, an addition to tax under section 6653(a)(2) for 50 percent of the interest on the portion of the underpayment attributable to negligence, and an addition to tax under section 6661 in the amount of $ 2,415.56. The issues for decision are whether petitioners are eligible to use the 10-year averaging method as provided for in section 402(e)(1) on a one-time distribution of severance pay from the United States Air Force and whether they are liable for the additions to tax. *543 All of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by reference. At the time of the filing of the petition, petitioners resided in Ft. Walton Beach, Florida. Petitioners timely filed a joint Federal income tax return for 1984. Unless otherwise specified, all references to petitioner are to Gary William Sampson. On December 31, 1984, petitioner was involuntarily separated from active duty with the United States Air Force. At the time of his separation, petitioner had been employed by the Air Force for 12 years and was a captain. The reason for his separation was failure to be selected for promotion. As a result of his involuntary separation, petitioner received a "readjustment/separation" payment of $ 30,000. On their 1984 income tax return, petitioners computed the tax on the $ 30,000 payment on Form 4972 in accordance with the special 10-year averaging method for lump sum distributions as set forth in former section 402(e)(1). By statutory notice of deficiency, respondent disallowed petitioners' use of the 10-year averaging method. As applicable to 1984 returns, section 402(e)(1) permits taxpayers to *544 recognize their ordinary income portion of certain pension plan distributions according to a 10-year averaging method of accounting. Respondent argues that petitioners are not entitled to use the 10-year averaging method because they have not shown that the payment from the United States Air Force was a lump sum distribution from a plan within the meaning of section 401(a) or an employee annuity under section 403(a) as required by section 402(e)(4)(A). [2] Petitioners concede that, under the statutory requirements of section 402, to be eligible for the 10-year averaging method, the distribution must have been from a qualified pension, profit-sharing, or stock bonus plan. Petitioners contend that the legislative framework upon which the "readjustment/separation" is based satisfies the requirements of section 402, as a matter of statutory interpretation and from a policy point of view. We agree with respondent. *545 The key to resolution of the issue before us lies in the fact that only a qualified pension, profit sharing, stock bonus and annuity plan qualifies as a plan "described in section 401(a) * * * or * * * in section 403(a)." Sec. 402(e)(4)(A). The statutory provisions governing "readjustment/separation" payments simply do not satisfy that requirement. In , the Court of Claims held that a "readjustment/separation" payment to a United States Air Force officer, in substantially the same position as petitioner herein, was not eligible for capital gains treatment under section 402 and section 403. In so holding, the Court of Claims stated: Basically, sections 402 and 403 apply capital gains rates to specific distributions made from qualifying trusts or qualifying employee annuity plans. These provisions are clearly not applicable to the readjustment payments made to plaintiff pursuant to Public Law 87-509. In any event, this case does not involve retirement payments. Plaintiff was involuntarily separated and the money paid him was a lump-sum readjustment payment, in no sense comparable to longevity *546 retirement benefits (to which plaintiff was clearly not entitled, having served only 15 years and 6 months). [.]
This Court has taken the same position in , wherein we stated: Petitioner's entire case for capital gains treatment under these statutes falls in the first two lines of section 402(a)(2) which limits the statute and therefore any capital gains treatment to the "case of an employees' trust described in section 401(a)." Here we have no employees' trust. These statutes are so obviously inapplicable to the severance payment here involved that without further discussion we hold respondent was right in his determination that the $ 15,000 was taxable as ordinary income. [. [3]] Petitioners' contention that policy considerations underlying "readjustment/separation" payments justify according eligibility for 10-year averaging is unacceptable. As the Supreme Court recently stated in : The cases before us, *547 however, concern the construction of existing statutes. The relevant question is not whether, as an abstract matter, the rule advocated by petitioners accords with good policy. The question we must consider is whether the policy petitioners favor is that which Congress effectuated by its enactment of section 6501. Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement. * * * [.] We hold that petitioners are not entitled to the benefits of the 10-year averaging provisions of section 402(e). Respondent determined additions to tax under former section 6653(a)(1) and (2). Section 6653(a)(1) imposed an addition to tax if any part of any underpayment was due to negligence or intentional disregard of rules or regulations, and section 6653(a)(2) imposed a further addition of 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances, and the burden of proof is on petitioners. . *548 We are satisfied that petitioners' underpayment was not due to negligence or intentional disregard, but solely to a reasonable or good-faith misunderstanding of the law. See . [4] Therefore, petitioners are not liable for the additions to tax under section 6653(a)(1) and (2). Respondent also determined an addition to tax under former section 6661. Under section 6661, an addition to tax was imposed if there was a substantial understatement of income tax for any taxable year. Sec. 6661(a). A substantial understatement is one which exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b). If petitioners' understatement is substantial within the meaning of section 6661(b), they are liable for the addition, unless such understatement can be reduced by section 6661(b)(2)(B). In determining if there is a substantial *549 understatement of income, the amount of the understatement is reduced by the portion of the understatement which is attributable to: (1) the tax treatment of any item if there is or was substantial authority for such treatment or (2) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return. Sec. 6661(b)(2)(B). The analysis upon which we base our conclusion that the "readjustment/separation" payment was not eligible for 10-year averaging shows that there was no substantial authority for the position taken by petitioners. Petitioners completed and attached Form 4972 to their return. This fact, together with other information on the return relating to the breakdown of petitioners' income, leads us to conclude that the "readjustment/separation" payment was adequately disclosed on the return. Accordingly, respondent's determination of the addition to tax under section 6661 is not sustained. To reflect our decision herein, Decision will be entered for the respondent with respect to the deficiency and for the petitioners with respect to the additions to tax.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code as in effect for the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
2. This section in relevant part provided: (4) Definitions and special rules. --
(A) Lump sum distribution. -- For purposes of this section and section 403, the term "lump sum distribution" means the distribution or payment within one taxable year of the recipient of the balance to the credit of an employee which becomes payable to the recipient --
(i) on account of the employee's death, (ii) after the employee attains age 59 1/2, (iii) on account of the employee's separation from the service, or (iv) after the employee has become disabled (within the meaning of section 72(m)(7)) from a trust which forms a part of a plan described in section 401(a) and which is exempt from tax under section 501 or from a plan described in section 403(a). * * *↩
3. See also .↩
4. See also .↩